**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY MECCA,<br><br>  *Plaintiff*,<br><br>v.<br><br>ECOSPHERE, LLC D/B/A DISH NETWORK, CHIRAG NAGRASHNA, MICHAEL FOERSTER, BRIAN BERMAN, JOHN DOES 1-10, SALLY ROES 1-10,<br><br>  *Defendants*. | Civil Action No. 20-cv-12769<br>(JMV) (MF)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter arises from Plaintiff's allegations that Defendants fostered a hostile work environment and that Plaintiff was unlawfully fired for discriminatory or retaliatory reasons. Presently before the Court is Plaintiff Anthony Mecca's motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c) or, in the alternative, to stay this action pursuant to Section 3 of the Federal Arbitration Act. D.E. 7. The Court reviewed all the submissions in support and in opposition[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed below, Plaintiff's motion to remand is **GRANTED**.

---

[1] Plaintiff's brief in support of his motion is referred to as "Pl. Br.," D.E. 7-1; and Defendant Ecosphere's brief in opposition is referred to as "Def. Opp.," D.E. 11.

I.  **FACTS**[2] **AND PROCEDURAL HISTORY**

Plaintiff Anthony Mecca was an employee of Defendant Ecosphere, LLC ("Ecosphere"), which was doing business as Dish Network. FAC ¶ 1. Plaintiff began working for Ecosphere on October 17, 2016 as an inside sales associate. *Id.* ¶¶ 8-9. Ecosphere is a limited liability company that employed Plaintiff in Roseland, New Jersey. *Id.* ¶ 2. Defendants Cherag Nagrashna, Michael Foerster, and Brian Berman were, at all relevant times, employees of Ecosphere and Plaintiff's supervisors. *Id.* ¶¶ 3-5. The individual Defendants all reside in New Jersey. *Id.*

Plaintiff alleges that the individual Defendants harassed him on the basis of his religion and national origin. Specifically, Plaintiff asserts that Defendants Nagrashna, Foerster, and Berman – as well as other supervisors – knew that Plaintiff was a practicing Muslim. *Id.* ¶¶ 10-11. Plaintiff continues that the individual Defendants engaged in actions, such as offering him water when they knew he was fasting in accordance with his Muslim faith, *id.* ¶ 20; suggesting he eat ham, or otherwise taunting him about eating ham, *id.* ¶ 32, 35; and calling attention to his use of a prayer room at the Ecosphere workplace in front of other coworkers, *id.* ¶¶ 15-16. Plaintiff also alleges that he was accused of lying about his national origin and a coworker "didn't think [he] [was] white." *Id.* ¶ 36. Additionally, Plaintiff alleges that he was sexually harassed by three individuals who are not named in the FAC, and that Defendant Foerster made homophobic comments about Plaintiff both to other coworkers and to Plaintiff. *Id.* ¶¶ 14, 29, 37.

Plaintiff also claims that the individual Defendants interfered with his ability to perform his job. The FAC includes allegations that Defendant Berman along with another individual, Jon Fishman, made "harassing internal phone calls" that distracted Plaintiff from his work, *id.* ¶ 23;

---

[2] The factual background is taken from the First Amended Complaint ("FAC"), D.E. 1-2. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

that Nagrashna "constantly belitte[d] [him] in front of his co-workers," *id.* ¶¶ 12, 17; that Nagrashna took away Plaintiff's overtime, *id.* ¶ 28, 31; that Plaintiff was given a "terrible schedule" and had to sit in the same area as Nagrashna and Foerster despite Plaintiff's numerous requests to Human Resources to be moved, *id.* ¶ 30; that Nagrashna played loud music next to Plaintiff's desk while Plaintiff tried to speak with customers on the phone, *id.* ¶ 19; that Nagrashna and another coworker told Plaintiff that he was bad at his job and urged him to quit, *id.* ¶ 21; that Nagrashna "made sure that Plaintiff [] never . . . got an interview" when he applied for a promotion, *id.* ¶ 22; and that Nagrashna "berated" and "humiliate[d]" Plaintiff in front of coworkers and other supervisors, *id.* ¶ 24.  Plaintiff adds that he was reprimanded for pretextual reasons and that his "supervisors were looking to push him out." *Id.* ¶¶ 39, 41.

Plaintiff reported many of these incidents to Human Resources, but Plaintiff alleges that Human Resources "downplayed the situation[s]" or did nothing.  *Id.* ¶¶ 14, 19, 30, 31.  As a result of the hostile work environment and harassment, Plaintiff alleges that he "became depressed and would lose his temper," that he had "to seek therapy," that his ability to perform his job was affected and "cost him significant income," and, ultimately, that he had to "take medical leave to get away from the hostile work environment." *Id.* ¶¶ 43-46.  After returning to work, Plaintiff indicates that, despite having a strong job performance, he continued to face discipline, was "falsely accus[ed]" of not making his quotas, and was informed on April 8, 2020 that his employment was terminated effective April 10, 2020.  *Id.* ¶¶ 47-49, 52-53.

On August 5, 2020, Plaintiff filed a Complaint in the Superior Count of Essex County, New Jersey.  D.E. 1-2.  Defendant DISH Network L.L.C. – which states it was improperly named in the Complaint as Ecosphere[3] – filed a Notice of Removal on September 16, 2020.  D.E. 1.  In

---

[3] For the purposes of this Opinion, the Court will continue to refer to this Defendant as Ecosphere.

3

its removal filing, Ecosphere asserted that this Court has original jurisdiction over the action based on both diversity and a federal question. *Id.*

Plaintiff filed a FAC on September 17, 2020. D.E. 2. The FAC asserts four Counts against Defendants: (1) Count One alleges an "illegal hostile work environment due to religion," in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(a), FAC ¶¶ 54-58; (2) Count Two alleges an "illegal hostile work environment due to sex," in violation of the NJLAD, *id.* ¶¶ 59-63; (3) Count Three alleges "illegal employment termination due to illegal discrimination," in violation of NJLAD, *id.* ¶¶ 64-68; and (4) Count Four alleges "employment termination due to illegal retaliation," in violation of NJLAD, *id.* ¶¶ 69-76. On October 5, 2020, Plaintiff filed the present motion to remand. D.E. 7.[4] Plaintiff argues that the FAC does not allege a federal question nor does it establish diversity. Pl. Br. 6, 8.

## II.     STANDARD OF REVIEW

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On*

---

[4] In addition to the motion to remand, there are two other pending motions in this case: (1) a motion to compel arbitration filed by Ecosphere on September 18, 2020, D.E. 3; and (2) a motion to dismiss filed by Michael Foerster and Chirag Nagrashna filed on October 21, 2020, D.E. 16.

*Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Steel Valle Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

### III. Analysis

#### A. Federal Question

In its Notice of Removal, Ecosphere contends that this Court has original jurisdiction over this action based on a federal question – Plaintiff's Title VII claim.  D.E. 1 at ¶ 13.  Ecosphere further submits that this Court has supplemental jurisdiction over Plaintiff's NJLAD claims, which arise from the same case or controversy as the Title VII claim.  *Id.*  Plaintiff responds that remand is proper because neither the Complaint nor the FAC allege a federal claim.  Pl. Br. 6.

Plaintiff's original Complaint included an allegation pertaining to Title VII of the 1964 Civil Rights Act – it asserted that Plaintiff's counsel sent a letter to a Human Resources advisor where Plaintiff worked and that the letter alleged violations of Title VII and the NJLAD.  D.E. 1-2 at ¶¶ 70-71.  However, while the letter referenced Title VII, the Complaint only charged Ecosphere with violating the NJLAD.  *Id.* ¶ 76.  Thus, it is not apparent, pursuant to the well-pleaded complaint rule, that Plaintiff raised a federal question in his Complaint.

In any event, the FAC is the controlling pleading in this analysis and it contains no allegations to support federal question jurisdiction.  An amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading."  *W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *Rock Asset Partners, L.P. v. Preferred Entity Advancements,*

*Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)). Here, the FAC only alleges claims under New Jersey law and makes no reference to the original Complaint. The Court therefore finds that it lacks subject-matter jurisdiction on the basis of a federal question.

### B. Diversity of Citizenship

Ecosphere submits that this Court has original jurisdiction based on diversity. D.E. 1 at ¶ 5. It alleges that Plaintiff is a citizen of New Jersey and that, "at the time of the Complaint," it was "a citizen of Colorado for purposes of diversity jurisdiction because it is a Colorado limited liability company with its principal place of business" in Colorado. *Id.* ¶¶ 6-7. According to Ecosphere, because it "is the only defendant that has been served with the Complaint" as of the time of removal, "there is complete diversity of jurisdiction between Plaintiff and the only defendant that has been served with the Complaint." *Id.* ¶¶ 8-9. Ecosphere adds that the amount in controversy requirement is satisfied because "Plaintiff seeks lost wages and benefits, emotional distress damages and punitive damages." *Id.* ¶ 10.[5] Plaintiff argues that there is no diversity jurisdiction because "Plaintiff and the individual defendants are all citizens of New Jersey" so "complete diversity as required by 28 U.S.C. § 1332(a)(1)" is lacking. Pl. Br. 8.

Diversity of citizenship is governed by 28 U.S.C. § 1332 and provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). "[I]n determining whether a federal

---

[5] Although not raised in the Notice of Removal, Ecosphere argues in its opposition brief that Plaintiff fraudulently joined the individual Defendants by serving them with the FAC after the case was removed. Def. Opp. 4. "Courts have found the notice of removal procedurally deficient and remanded the action where the defendant fails to raise fraudulent joinder until opposition to a remand motion." *Stanley v. Lowe's Cos.*, No. 19-15436, 2020 WL 1531387, *4 (D.N.J. Mar. 31, 2020).

court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'" *Tomei v. Rife & Assocs. Mgmt. Consulting, LLC*, No. 17-6490, 2018 WL 1891473, *2 (D.N.J. April 20, 2018) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)).

"A natural person is deemed to be a citizen of the state where he is domiciled." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). The parties agree that Plaintiff is a resident of New Jersey. They disagree as to the citizenship of Ecosphere, a limited liability company. Ecosphere asserts that it is a citizen of Colorado because that is the state in which its principal place of business is located, while Plaintiff seems to allege that Ecosphere is a citizen of New Jersey because that is its relevant place of business. The Court disagrees with both analyses. "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." *Lincoln Benefit Life Co.*, 800 F.3d at 105. The present record before the Court contains no information about Ecosphere's members or their citizenship. The Court is therefore unable to make a citizenship determination with respect to Ecosphere. However, Plaintiff has alleged – and Ecosphere does not dispute – that Defendants Nagrashna, Foerster, and Berman are residents of New Jersey. FAC ¶¶ 3-5. Because these Defendants are residents of the same state as Plaintiff, complete diversity is lacking.

The Court also notes that Ecosphere is incorrect in its assertion that only the citizenship of defendants who have been served is relevant to the diversity jurisdiction analysis. D.E. 1 at ¶¶ 8-9. Had this case been removed "solely on the basis of" diversity jurisdiction, then the forum defendant rule would apply, and this Court would look to the citizenship of "the parties in interest *properly joined and served as defendants*." 28 U.S.C. § 1441 (b)(2) (emphasis added). Defendants argued in the Notice of Removal that this Court had original jurisdiction through both diversity

7

and a federal question, so the forum defendant rule is inapplicable.  However, even if that rule was applicable, complete diversity would still be required for this action to be removed – the forum defendant rule bars removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," but the diversity requirements of 28 U.S.C. 1332(a) still apply.  28 U.S.C. § 1441(b).  Thus, removal based on diversity jurisdiction was incorrect.[6]

### C. Attorney's Fees and Costs

Plaintiff argues that he should be awarded attorney's fees because removal was not reasonable.  Pl. Br. 10.  Specifically, Plaintiff contends that in a September 23, 2020 letter, he "offered Defendant the opportunity to consent to remand without incurring attorney's fees for the filing" which included case law that demonstrated removal was improper in this case; however, Defendant refused this offer.  *Id.* at 11.  Ecosphere argues that there is no basis for an award of fees because at the time removal was proper at the time it was filed – the original Complaint referenced Title VII and raised a federal question.  Def. Opp. 11-12.

28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has articulated the following guidelines for determining whether to award attorney's fees under 28 U.S.C. § 1447(c):

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or

---

[6] Because the Court lacks subject-matter jurisdiction, the Court does not reach Plaintiff's alternative request for a stay under the Federal Arbitration Act.

> failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (internal citations omitted).

Here, there was no reasonable basis for asserting diversity jurisdiction. However, there was apparently a reasonable basis to believe that a federal question was raised in the original Complaint as to Title VII of the 1964 Civil Rights Act. The Fourth Count of the original Complaint asserts a claim pursuant to NJLAD, but it also expressly references counsel's letter to Human Resources, noting that counsel believes that both Title VII and NJLAD had been violated. D.E. 1-2 at ¶¶ 70-71, 76. Plaintiff also expressly alleged that he was experiencing a hostile work environment in "violation of *federal* and New Jersey law." *Id.* ¶ 72 (emphasis added). As a result, the Court declines to award attorney's fees.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to remand is **GRANTED.** D.E. 7. This action is remanded to the New Jersey Superior Court, Law Division, Essex County. Because the Court lacks subject-matter jurisdiction, the Court does not reach Defendant Ecosphere's motion to compel arbitration, D.E. 3, and Defendants Nagrashna, and Foerster's motion to dismiss, D.E. 16. An appropriate Order accompanies this Opinion.

Dated: November 10, 2020

_____
John Michael Vazquez, U.S.D.J.